# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
ELIYA, INC., a New York Corporation,

Plaintiff,

CIVIL ACTION

Index No.: 06 cv 195

**COMPLAINT**
**(JURY DEMAND)**

-v-

KOHL'S DEPARTMENT STORES, a Wisconsin Corporation, and Does 1-20,

Defendants.
-----------------------------------------------------X

Plaintiff Eliya, Inc. (hereinafter "Plaintiff" or "Eliya"), by and through its undersigned attorneys Baldinger & Levine, LLC, allege as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 24 West 23rd Street, New York, NY 10010.

2. Upon information and belief, defendant Kohl's Department Stores (hereinafter "Kohl's") is a corporation organized and existing under the laws of the State of Wisconsin having its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action on the following bases:

a. Under 28 U.S.C. § 1331, since this action involves questions arising under 15 U.S.C. §1116, 15 U.S.C. §1117, and 15 U.S.C. §1125(a);

b. Under 28 U.S.C. § 1331, since this action involves questions arising under 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 503, 17 U.S.C. § 504 and 17 U.S.C. § 505;

c. Under 28 U.S.C. § 1332, since this action being between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

d. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since a substantial part of the events giving rise to plaintiff's claims occurred in the Southern District of New York and defendant are subject to personal jurisdiction in the Southern District of New York.

**NATURE OF THE ACTION**

5. This is an action arising under the Lanham Act for false designation of origin, false descriptions, dilution, and unfair competition under 15 U.S.C. §1125(a), for copyright infringement under 17 U.S.C. § 501, and for substantial and related claims under New York State and the Common Law.

## FACTS

6. Eliya is in the business of creating original shoe designs, manufacturing, promoting and selling such shoes domestically and internationally. One such design was created in 2004 and is entitled SHOE. Registration VA 1-321-240 with the United States Copyright Office covers such design (the "Copyright")(see **EXHIBIT A**).

7. The Copyright is in full force and effect and is owned exclusively by Plaintiff.

8. Soon after the design entitled SHOE was created, Plaintiff was assigned all rights and interest in the works including the Copyright.

9. Plaintiff used the SHOE design to create a particular line of shoes (see **EXHIBIT B**) and has been widely promoting and selling such shoe design since on or about August 15, 2004 under its BERNE MEV brand.

10. The trade dress of the SHOE line of products acquired distinctiveness through secondary meaning such that consumers are likely to associate the source of such products with Plaintiff.

11. Due to Plaintiff's exclusive and widespread use of the SHOE image in connection with shoes, its trade dress in such product line has acquired enormous value and recognition in the United States. Such trade dress is well known to the consuming public and the trade as identifying and distinguishing Plaintiff as the exclusive and unique source of the products that are used in connection with such trade dress.

12. Kohl's manufactured, sold and is continuing to sell shoes using designs that are substantially similar to or otherwise the same as the SHOE image (the "Kohl's Shoe")(see **EXHIBIT C**).

13. Kohl is using the non-functional features of the trade dress of Plaintiff's SHOE product line such that there is likelihood of confusion between the trade dress of the Kohl's Shoe and the trade dress of Plaintiff's SHOE product line.

14. In or about October 2005, Plaintiff became aware of the Kohl's Shoe.

15. On or about October 21, 2005, Kohl's was sent a letter setting forth in sufficient detail the nature of the infringements; such letter demanded, *inter alia*, that Kohl's immediately cease and desist from selling the Kohl's Shoe. However, Kohl's manifested a clear refusal to stop such wrongful activity and, upon information and belief, continues to willfully, with bad faith intent to profit, and without the consent of Plaintiff, traffick in and use, in this judicial district and elsewhere, Plaintiff's SHOE images in connection with shoes in violation of U.S. Copyright and Trademark laws.

16. As a result of Kohl's manufacturing and selling the Kohl's Shoe, Plaintiff lost sales of its SHOE product line.

**COUNT I - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

17. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 16 hereof as if fully set forth herein.

18. The defendant' use of Plaintiff's trade dress constitutes the use of false or misleading designations of origin and/or false representations of fact in violation of 15 U.S.C. § 1125(a), in that such conduct is likely to cause consumers to be confused, mistaken or deceived into believing that the offending products originate with, or are sponsored by Plaintiff, and/or Kohl's is an authorized licensee, distributor or retailer of the SHOE product line.

19. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

20. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT II - COMMON LAW TRADEMARK INFRINGEMENT

21. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 20 hereof as if fully set forth herein.

22. By reason of the foregoing, the defendant has engaged, and is continuing to engage, in acts of trademark infringement in violation of the common law.

23. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

24. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT III - COMMON LAW UNFAIR COMPETITION

25. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 24 hereof as if fully set forth herein.

26. By reason of the foregoing, the defendant has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

27. Such conduct on the part of defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

28. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

**COUNT IV - N.Y. GENERAL BUSINESS LAW § 360-1**

29. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 hereof as if fully set forth herein.

30. Defendant' activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of its trade dress and all rights held there under, in violation of the General Business Law of the State of New York.

31. Such conduct on the part of By reason of the foregoing, the defendant have violated and are continuing to violate Section 360-1 of the New York General Business Law.

32. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

33. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

**COUNT V - N.Y. GENERAL BUSINESS LAW § 349**

34. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 33 hereof as if fully set forth herein.

35. The defendant' activities constitute deceptive acts and practices in the conduct of their businesses, in violation of Section 349 of the General Business Law of the State of New York.

36. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which plaintiff has no adequate remedy at law.

37. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

**COUNT VI - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

38. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendant's use of the Plaintiff's work(s) constitutes infringement pursuant to 17 U.S.C. § 501.

40. Such conduct on the part of defendant has caused and will continue to cause irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.

41. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

**COUNT VII - COMMON LAW COPYRIGHT INFRINGEMENT**

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41 hereof as if fully set forth herein.

43. By reason of the foregoing, the defendant has engaged, and is continuing to engage, in acts of copyright infringement in violation of the common law.

44. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

45. Such conduct on the part of defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment:

1. Permanently enjoining and restraining Defendant, their officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(a) imitating, copying or making unauthorized use of Plaintiff's SHOE images;

(b) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any work that is a simulation, reproduction, copy, or colorable imitation of any of Plaintiff's SHOE images;

(c) engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies, counterfeits or colorable imitations of Plaintiff's SHOE images, as well as the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

(d) imitating, copying or making unauthorized use of any of Plaintiff's trade dress, including its trade dress in its SHOE product line;

(e) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that is a simulation, reproduction, copy, or colorable imitation of any of Plaintiff's trade dress in its SHOE product line;

(f) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that tends to relate or connect such trade dress in any way to Plaintiff, or to any products sponsored, approved by, or connected with Plaintiff;

(g) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress which serves to dilute, or tends to dilute, Plaintiff's image, Plaintiff's trade dress in its SHOE product line, or reputations or the distinctive quality of any of Plaintiff's trade dress;

(h) making any statement or representation whatsoever, with respect to Plaintiff's trade dress in its SHOE product line, that falsely designates the origin of products or is false or misleading in any way;

(i) engaging in any other activity constituting unfair competition with regard to the Plaintiff, and/or Plaintiff's trade dress in its SHOE product line, or constituting an infringement of any of Plaintiff's trade dress, or of Plaintiff's rights in, or its right to use or exploit, such trade dress, or constituting any dilution of Plaintiff's trade dress in its SHOE product line, and the reputation and the goodwill associated with Plaintiff's trade dress in its SHOE product line; and

(j) engaging in any other activity, including the effectuation of assignments or transfers of their interests in simulations, reproductions, copies,

counterfeits or colorable imitations of any of Plaintiff's trade dress in its SHOE product line, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(d) through 1(i) above.

2.      Directing such other relief as the Court may deem appropriate to prevent the unauthorized use of Plaintiff's works, including the Copyright.

3.      Directing that defendant to deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing Plaintiff's trade dress in its SHOE product line, including all plates, molds, matrices and other means of making such simulations of Plaintiff's trade dress in its SHOE product line.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Plaintiff, or related to or associated in any way with Plaintiff's trade dress in its SHOE product line.

5.      Requiring Defendant to account and pay over to Plaintiff all profits realized by (a) their infringement and counterfeiting of any of Plaintiff's trade dress, including Plaintiff's trade dress in its SHOE product line, and (b) their false designation of origin or false representations of fact and that these illicit profits be trebled since they were generated willfully by Defendant.

6. Entering judgment against the Defendant, upon Plaintiff's election, for the maximum amount of statutory damages permitted for each type or style of counterfeit product using Plaintiff's trade dress in its SHOE product line, which Defendant applied to each product in willful violation of Plaintiff's trade dress rights.

7. Requiring Defendant to account and pay over to Plaintiff all profits realized by their infringement and counterfeiting of Plaintiff's works, including the Copyright.

8. Awarding Plaintiff damages representing three times the amount of Plaintiff's actual damages incurred by reason of the facts and occurrences alleged herein.

9. Consequential damages to be determined.

10. Awarding Plaintiff its costs and reasonable attorneys', expert witness, and investigating fees, together with pre-judgment interest.

11. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
January 9, 2006

Respectfully submitted,

**BALDINGER & LEVINE, LLC**
Attorneys for Plaintiff

By:____________________

Tedd S. Levine, Esq. (TL 0158)
114 Old Country Road
Suite 116A
Mineola, NY 11501
(516) 294-6852

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-321-240**

*VA0001321240*

EFFECTIVE DATE OF REGISTRATION

| 11 | 30 | 05 |
|---|---|---|
| Month | Day | Year |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼** SHOE

**NATURE OF THIS WORK ▼** See instructions: Etching

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼** **Number ▼** **Issue Date ▼** **On Pages ▼**

## 2

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** **NAME OF AUTHOR ▼** Jede International

**DATES OF BIRTH AND DEATH** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☑ Yes ☐ No

**Author's Nationality or Domicile** Name of Country: OR { Citizen of ______ / Domiciled in CHINA

**Was This Author's Contribution to the Work** Anonymous? ☐ Yes ☑ No; Pseudonymous? ☐ Yes ☑ No. If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**

- ☐ 3-Dimensional sculpture
- ☑ 2-Dimensional artwork
- ☐ Reproduction of work of art
- ☐ Map
- ☐ Photograph
- ☐ Jewelry design
- ☐ Technical drawing
- ☐ Text
- ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death** Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

**Author's Nationality or Domicile** Name of Country: OR { Citizen of ______ / Domiciled in ______

**Was This Author's Contribution to the Work** Anonymous? ☐ Yes ☐ No; Pseudonymous? ☐ Yes ☐ No. If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**

- ☐ 3-Dimensional sculpture
- ☐ 2-Dimensional artwork
- ☐ Reproduction of work of art
- ☐ Map
- ☐ Photograph
- ☐ Jewelry design
- ☐ Technical drawing
- ☐ Text
- ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed** 2004 Year. This information must be given in all cases.

**b** **Date and Nation of First Publication of This Particular Work** Complete this information ONLY if this work has been published. Month August Day 15 Year 2004 Nation ______

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

ELIYA, INC.
24 West 23rd Street
New York NY 10010

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By Sale & Assignment

DO NOT WRITE HERE — OFFICE USE ONLY

APPLICATION RECEIVED NOV 30 2005

ONE DEPOSIT RECEIVED NOV 30 2005

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**MORE ON BACK ▶** • Complete all applicable spaces (num • See detailed instructions.

**EXHIBIT A**
**Page 1 of 3**

DO NOT WRITE HERE

FORM VA

EXAMINED BY WRB

CHECKED BY

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼ **Year of Registration** ▼

**6**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

a See instructions before completing this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**7**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ Account Number ▼

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

b

Baldinger & Levine, LLC
114 Old Country Rd., Suite 116A
Mineola. NY 11501

Area code and daytime telephone number ( 516 ) 294-6852

Fax number ( 516 ) 294-4860

Email TeddL1@AOL.com

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of Eliya, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Tedd S. Levine Date 11/29/05

Handwritten signature (X) ▼

X [signature]

**9**

**Certificate will be mailed in window envelope to this address:**

Name ▼
Tedd S. Levine, Esq. - BALDINGER & LEVINE, LLC

Number/Street/Apt ▼
114 Old Country Rd., Suite 116A

City/State/ZIP ▼
Mineola, NY 11501

**YOU MUST:**
- Complete all necessary spaces
- Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

**EXHIBIT A**
**Page 2 of 3**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a ma[terial fact in the application for copyright registration, or] provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.



**EXHIBIT A**
**Page 3 of 3**





**EXHIBIT B**





EXHIBIT C